**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FERDINAND BENJAMIN, Individually and as the Personal Representative of the Estate of ENOCK BENJAMIN, Deceased**<br><br>**Plaintiff,**<br><br>v.<br><br>**JBS S.A.,** *et al.***,**<br><br>**Defendants.** | **Civil Action No. 2:20-cv-02594-JP** |

**[PROPOSED] ORDER**

**AND NOW**, this _____ day of _____, 2020, upon consideration of Defendant JBS S.A.'s Motion to Dismiss, and any response thereto, it is hereby **ORDERED** that Defendant's Motion is **GRANTED**, and it is further **ORDERED** that all of Plaintiff's claims against Defendant JBS S.A. are dismissed with prejudice.

                                                                         **BY THE COURT**

                                                                         **John R. Padova**
                                                                         **United States District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FERDINAND BENJAMIN, Individually and as the Personal Representative of the Estate of ENOCK BENJAMIN, Deceased**<br><br>**Plaintiff,**<br><br>v.<br><br>**JBS S.A.,** *et al.***,**<br><br>**Defendants.** | Civil Action No. 2:20-cv-02594-JP |

**MOTION TO DISMISS OF DEFENDANT JBS S.A. PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6)**

Defendant JBS S.A. moves to dismiss all causes of action against it with prejudice.  In support of this Motion, JBS S.A. relies on the accompanying Memorandum of Law, as well as Defendants JBS USA Food Company's, JBS USA Holdings's, JBS Souderton, Inc.'s, and Pilgrim's Pride Corporation's Memorandum of Law in Support of Amended Motion to Dismiss [ECF No. 15] and Reply Memorandum in Support of Amended Motion to Dismiss [ECF No. 25], which are incorporated herein by reference.  JBS S.A. respectfully requests that the Court hold oral argument at which its counsel may be heard on this Motion.

WHEREFORE, JBS S.A. respectfully requests that the Court grant this Motion and enter an Order in the form accompanying this Motion.

Dated: September 16, 2020 Respectfully submitted,

s/Molly E. Flynn
Molly E. Flynn (Pa. ID No. 205593)
Mark D. Taticchi (Pa. ID No. 323436)
Rebecca L. Trela (Pa. ID No. 313555)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

*Attorneys for Defendant JBS S.A.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FERDINAND BENJAMIN, Individually and as the Personal Representative of the Estate of ENOCK BENJAMIN, Deceased**<br><br>**Plaintiff,**<br><br>v.<br><br>**JBS S.A.,** *et al.*,<br><br>**Defendants.** | Civil Action No. 2:20-cv-02594-JP |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS OF DEFENDANT JBS S.A. PURSUANT TO
## FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6)

Dated: September 16, 2020

s/Molly E. Flynn
Molly E. Flynn (Pa. ID No. 205593)
Mark D. Taticchi (Pa. ID No. 323436)
Rebecca L. Trela (Pa. ID No. 313555)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA  19103-6996
Telephone:   (215) 988-2700
Facsimile:   (215) 988-2757

*Attorneys for Defendant JBS S.A.*

## TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................. 1

II. RELEVANT FACTUAL BACKGROUND ........................................................................... 1

    A. Plaintiff fails to allege any facts regarding JBS S.A. sufficient to support the exercise of jurisdiction. ............................................................................... 1

    B. Procedural posture. ........................................................................................... 3

III. ARGUMENT .......................................................................................................................... 3

    A. The Court should dismiss Plaintiff's claims against JBS S.A. for lack of personal jurisdiction. ........................................................................................ 3

        1. Legal standard for dismissal under FRCP 12(b)(2). ................................. 3

        2. The Court does not have personal jurisdiction over JBS S.A. .................... 6

            a. The Court lacks general personal jurisdiction over JBS S.A. ......... 7

            b. The Court also lacks specific personal jurisdiction over JBS S.A. ............................................................................................. 7

        3. JBS S.A. is not an alter ego of any other entity named as a defendant. ................................................................................................. 8

    B. The Court should dismiss Plaintiff's claims against JBS S.A. for failure to state a claim upon which relief can be granted. ................................................ 10

IV. CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abira Med. Labs., LLC v. Johns Hopkins Healthcare LLC*,
   No. 2:19-cv-05090, 2020 WL 3791565 (E.D. Pa. July 7, 2020) .............................................. 5

*Britax Child Safety, Inc. v. Nuna Int'l B.V.*,
   321 F. Supp. 3d 546 (E.D. Pa. 2018) ...................................................................................... 6

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ................................................................................................................ 4

*Carteret Sav. Bank, FA v. Shushan*,
   954 F.2d 141 (3d Cir. 1992) .................................................................................................... 3

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ............................................................................................................ 4, 7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ............................................................................................................ 4, 7

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984) ............................................................................................................ 3, 4

*IMO Indus., Inc. v. Kiekert AG*,
   155 F.3d 254 (3d Cir. 1998) .................................................................................................... 5

*LaSala v. Marfin Popular Bank Pub. Co.*,
   410 F. App'x 474 (3d Cir. 2011) ............................................................................................. 4

*Lutz v. Rakuten, Inc.*,
   376 F. Supp. 3d 455 (E.D. Pa. 2019) .................................................................................. 6, 8

*Metcalfe v. Renaissance Marine, Inc.*,
   566 F.3d 324 (3d Cir. 2009) .................................................................................................... 3

*Oeschle v. Pro-Tech Power, Inc.*,
   No. 03-cv-6875, 2006 WL 680908 (E.D. Pa. Mar. 15, 2006) ................................................. 6

*Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc.*,
   819 F.2d 434 (3d Cir. 1987) .................................................................................................... 3

*Remick v. Manfredy*,
   238 F.3d 248 (3d Cir. 2001) .................................................................................................... 5

*Renner v. Lanard Toys Ltd.*,
    33 F.3d 277 (3d Cir. 1994)..........................................................................................5

*Shaffer v. Heitner*,
    433 U.S. 186 (1977)....................................................................................................5

*Shuker v. Smith & Nephew, PLC*,
    885 F.3d 760 (3d Cir. 2018)........................................................................................5

*Walden v. Fiore*,
    571 U.S. 277 (2014)............................................................................................4, 5, 8

**STATUTES, RULES & REGULATIONS**

42 Pa.C.S. § 5322(b)..........................................................................................................5

42 Pa.C.S. § 5322(c)..........................................................................................................5

Fed. R. Civ. P. 4(k)(1)(A)..................................................................................................4

Fed. R. Civ. P. 9(b)......................................................................................................1, 10

Fed. R. Civ. P. 12(b)(2).............................................................................................. *passim*

Fed. R. Civ. P. 12(b)(6)..............................................................................................1, 10

## I.     INTRODUCTION

Defendant JBS S.A. seeks dismissal of all claims against it in accordance with Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and 9(b).  JBS S.A. is a publicly held Brazil-based corporate parent entity of numerous protein processing companies around the world, with no connection to Plaintiff or the claims at issue.  Accordingly, the Court lacks personal jurisdiction over this entity, and all claims against it should be dismissed under Rule 12(b)(2).  Specifically, general personal jurisdiction is lacking because JBS S.A. is neither incorporated nor headquartered in Pennsylvania.  Moreover, as the declaration submitted herewith establishes, JBS S.A. has no involvement in any decisions concerning JBS Souderton's COVID-19 planning, mitigation, and response activities; nor that facility's safety-related policies.  Thus, the Court also lacks specific personal jurisdiction over JBS S.A. because it did not engage in any conduct related to the claims asserted in Plaintiff's Complaint.

In addition, the arguments earlier raised by its co-defendants under Rules 9(b) and 12(b)(6) apply here with equal force.  *See* Defs.' Mem. of Law in Support of Am. Mot. to Dismiss 14–42 [ECF No. 15] ("MTD") and Reply Mem. in Support of Am. Mot. to Dismiss 18–28 [ECF No. 25] ("MTD Reply").  To avoid unnecessary repetition, JBS S.A. joins in its co-defendants' previously filed motion to dismiss pursuant to Rules 12(b)(6) and 9(b), and incorporates by reference and relies upon those arguments.  *Id.*

## II.     RELEVANT FACTUAL BACKGROUND

**A.     Plaintiff fails to allege any facts regarding JBS S.A. sufficient to support the exercise of jurisdiction.**

Plaintiff alleges that his now-deceased father, Enock Benjamin, contracted COVID-19 while employed at JBS Souderton, a beef-processing facility in Souderton, Pennsylvania.  He filed various common-law tort claims against the employer, JBS Souderton; defunct corporation

1

JBS USA Holdings, Inc.; unrelated poultry-processing business Pilgrim's Pride Corporation; and Colorado-based JBS USA Food Company, in addition to JBS S.A.. *See* Compl. ¶¶ 111–146 [ECF No. 1-1]; *and see* MTD 3–7.

Plaintiff's Complaint is notable for what it lacks: any allegations of conduct specific to any defendant, including—most importantly for present purposes—JBS S.A. There is no allegation that Enock Benjamin was employed by JBS S.A., or ever visited its offices in Brazil, or had any contact with this company. *See generally* Compl. Instead, Plaintiff merely alleges, in sweeping fashion, that "Defendants, JBS S.A., JBS USA Food Company, JBS USA Holdings, Inc., JBS Souderton, Inc., and Pilgrim's Pride Corporation, owned, operated, managed, and otherwise controlled the meat packing plant at 249 Allentown Road, Souderton, PA 18964" and that they "collectively and individually made decisions related to worker health, safety, protection, and sanitation in light of the COVID-19 pandemic." Compl. ¶¶ 138–139.

The attached declaration of Gilberto Tomazoni disproves Plaintiff's conclusory allegations about JBS S.A. and its supposed involvement in the day-to-day management of a beef processing plant in Montgomery County, Pennsylvania. Ex. A, Declaration of Gilberto Tomazoni ("Tomazoni Decl."). JBS S.A. is based in São Paulo, Brazil, and is not at all involved in decisions regarding, and has no responsibility for, JBS Souderton Inc.'s operational or disaster planning, including but not limited to its COVID-19 preparedness or mitigation plans. *Id*. at ¶¶ 2, 9. JBS S.A. likewise has no responsibility for safety issues or plans at JBS Souderton, Inc., and it is not involved in managing its personnel. *Id*. at ¶ 10–11. Nor did JBS S.A. employ Enock Benjamin or anyone else at JBS Souderton, Inc. *Id*. at ¶¶ 12–14. Simply put, Plaintiff's boilerplate assertions of collective responsibility are both implausible on their face (given the scope of operations undertaken by the hundreds of entities in the JBS family of companies, *see*

Compl. ¶¶ 41-42, 140) and, more importantly, contradicted by the actual facts—as shown in the declaration accompanying this motion.

B. **Procedural posture.**

Plaintiff filed his Complaint on May 7, 2020, in the Court of Common Pleas of Philadelphia County, and the matter was timely removed to this Court on June 2, 2020. JBS S.A. was served in Sao Paolo, Brazil, on August 14, 2020.

Two motions are fully briefed and pending before the Court: Defendants JBS USA Food Company's, JBS USA Holdings's, JBS Souderton, Inc., and Pilgrim's Pride Corporation's Amended Motion to Dismiss [ECF Nos. 15, 20, 25, 31], and Plaintiff's Motion to Remand [ECF Nos. 17, 21, 29].

### III.   ARGUMENT

A. **The Court should dismiss Plaintiff's claims against JBS S.A. for lack of personal jurisdiction.**

   1. **Legal standard for dismissal under FRCP 12(b)(2).**

When evaluating a motion to dismiss for lack of personal jurisdiction in which there are contested facts, the plaintiff has the burden to "'prov[e] by affidavits or other competent evidence that jurisdiction is proper.'" *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (internal citations omitted); *see Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992). To meet this burden, a plaintiff must establish "with reasonable particularity sufficient contacts between the defendant and the forum state." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1987). Further, the plaintiff must establish either that the "particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." *Id.* (citing *Helicopteros*

*Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 416 (1984)).  The plaintiff must make these showings by a preponderance of the evidence.  *See LaSala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x 474, 476 (3d Cir. 2011).

General jurisdiction arises only in those states where a defendant's contacts are so "continuous and systematic" as to render it effectively "at home" in that jurisdiction.  For corporate entities such as JBS S.A., an entity is considered to be "at home" in its state of incorporation and in the state where it has its principal place of business.  *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).  When general jurisdiction exists over a defendant, it may be sued in that state, even on claims that have no connection to its contacts with the state.

Specific jurisdiction, by contrast, "is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'"  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation omitted).  In addition, to support jurisdiction, the relationship between the defendant, the forum state, and the cause of action "must arise out of contacts that the 'defendant *himself*' creates with the forum State."  *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis in original) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).  If the plaintiff makes this showing through competent evidence, the court must determine, in its discretion, that exercising jurisdiction would "comport with traditional notions of fair play and substantial justice."  *Burger King Corp.*, 417 U.S. at 476–77 (internal quotation marks omitted).

Because there is no federal statute governing personal jurisdiction in this case, this Court applies the law of the state in which the district court sits.  *See* Fed. R. Civ. P. 4(k)(1)(A); *see also Daimler*, 571 U.S. at 125 ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons.").  As relevant here, Pennsylvania's long-arm statute

allows its courts to assert specific personal jurisdiction "to the fullest extent allowed under the Constitution of the United States," 42 Pa.C.S. § 5322(b), but limits the scope of that jurisdiction to "only [those] cause[s] of action or other matter[s] arising from . . . acts forming the basis of jurisdiction," *id.* § 5322(c).  Consequently, the "court's inquiry is solely whether the exercise of personal jurisdiction over the defendant[s] would be constitutional." *Renner v. Lanard Toys Ltd.*, 33 F.3d 277, 279 (3d Cir. 1994).

The analysis of whether the Due Process Clause permits personal jurisdiction "depends upon the relationship among the defendant, the forum, and the litigation." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (citing *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)) (internal quotation omitted).  To meet the constitutional requirement, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Abira Med. Labs., LLC v. Johns Hopkins Healthcare LLC*, No. 2:19-cv-05090, 2020 WL 3791565, at *3 (E.D. Pa. July 7, 2020) (citing *Walden*, 571 U.S. at 284).  Moreover, the Due Process Clause requires a court to assess the existence of personal jurisdiction separately for each cause of action a plaintiff asserts.  *See Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) ("[A] conclusion that the District Court has personal jurisdiction over one of the defendants as to a particular claim asserted by [the plaintiff] does not necessarily mean that it has personal jurisdiction over that same defendant as to [that plaintiff's] other claims.").

In cases involving a foreign defendant who has not engaged in sufficient forum- and suit-related conduct to subject itself to personal jurisdiction on its own account, jurisdiction will not be found as to that foreign defendant unless the plaintiff can prove it is the "alter ego" of a defendant over which the district court *does* have jurisdiction.  *See Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 781 (3d Cir. 2018).  To make that showing, "'a plaintiff must show that a

parent company is operating the "day-to-day operations of the subsidiary such that the subsidiary can be said to be a mere department of the parent.""" *Lutz v. Rakuten, Inc.*, 376 F. Supp. 3d 455, 471 (E.D. Pa. 2019) (quoting *Britax Child Safety, Inc. v. Nuna Int'l B.V.*, 321 F. Supp. 3d 546, 555 (E.D. Pa. 2018) (quoting, in turn, *Oeschle v. Pro-Tech Power, Inc.*, No. 03-cv-6875, 2006 WL 680908, at *5 (E.D. Pa. Mar. 15, 2006))).

Courts in this district look to ten factors when making that assessment:

> (1) ownership of all or most of the stock of the related corporation; (2) common officers and directors; (3) common marketing image; (4) common use of a trademark or logo; (5) common use of employees; (6) integrated sales system; (7) interchange of managerial and supervisory personnel; (8) performance by the related corporation of business functions which the principal corporation would normally conduct through its own agent or departments; (9) acting of the related corporation as marketing arm of the principal corporation, or as an exclusive distributor; and (10) receipt by the officers of the related corporation of instruction from the principal corporation.

*Lutz*, 376 F. Supp. 3d at 471.  As demonstrated below, application of these principles to JBS S.A. shows that it is not subject to personal jurisdiction in this Court.

### 2.     The Court does not have personal jurisdiction over JBS S.A.

JBS S.A. is not headquartered in the Commonwealth of Pennsylvania, and it is not incorporated in this state.  It was not at all involved in or responsible for the COVID-19 mitigation effort at the JBS Souderton, Inc. facility, or for any of the actions (or omissions) that Plaintiff claims led to Mr. Benjamin's COVID-19 infection.  Nor can it plausibly be argued that JBS S.A. exercises control over or operates any other entity named in this action.  Accordingly, there is neither general personal jurisdiction nor specific personal jurisdiction over JBS S.A., and the Court should dismiss this entity pursuant to Fed. R. Civ. P. 12(b)(2).

### a.     The Court lacks general personal jurisdiction over JBS S.A.

The Court does not have general jurisdiction over JBS S.A. because it is neither incorporated nor headquartered in Pennsylvania, as Plaintiffs acknowledge, and cannot be considered "at home" in the state. *See Daimler*, 571 U.S. at 138–39; *see also* Compl. ¶ 114 ("*JBS S.A.* is a corporation organized and existing under the laws of Brazil, with a principal place of business [in Sao Paolo, Brazil]," as identified in the caption); Tomazoni Decl. ¶¶ 2, 4 ("JBS S.A. is not incorporated or registered to do business in the state of Pennsylvania, and has not appointed [an] agent for service of process in Pennsylvania.")  Accordingly, the Court does not have general personal jurisdiction over JBS S.A.

### b.     The Court also lacks specific personal jurisdiction over JBS S.A.

Because the Court cannot exercise general jurisdiction over JBS S.A., it must determine whether that entity is subject to specific personal jurisdiction under the facts of this case.  That, too, is unavailing, because JBS S.A. did not engage in any activities or conduct related to the claims at issue.  *See Goodyear Dunlop Tires*, 564 U.S. at 919 ("Specific jurisdiction, on the other hand, depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.").

Plaintiff claims that Defendants failed to employ appropriate COVID-19 mitigation measures at the JBS Souderton beef processing facility, which led to Mr. Benjamin's infection. He makes no attempt to distinguish among the Defendants, implausibly arguing that all five defendant entities engaged in each and every act mentioned in the Complaint.  *See, e.g.*, Compl. ¶ 139 ("Defendants, JBS S.A., JBS USA Food Company, JBS USA Holdings, Inc., JBS Souderton, Inc., and Pilgrim's Pride Corporation . . . collectively and individually made

7

decisions related to worker health, safety, protection, and sanitation in light of the COVID-19 pandemic."); *id.* ¶ 141.

Plaintiff's boilerplate assertions are belied by the attached declaration, which establishes that JBS S.A. did not have any responsibility for or involvement in decisions related to COVID-19 preparedness or mitigation at the JBS Souderton, Inc. facility. Tomazoni Decl. ¶ 9. Indeed, it has no involvement in any operational decisions at or for JBS Souderton, Inc., including those specifically related to worker safety issues or plans. *Id.* at ¶¶ 9, 11. JBS S.A. does not employ anyone working at the JBS Souderton, Inc. facility—including Mr. Benjamin—and does not manage its personnel there. *Id.* at ¶¶ 10, 12–14. In short, there is no plausible relationship between "the defendant [(JBS S.A.)], the forum [(Pennsylvania)] and the litigation [(Mr. Enock's COVID-19 infection)]," much less one that would support the exercise of specific personal jurisdiction. *See Walden*, 571 U.S. at 284. Consequently, the Court lacks personal jurisdiction over JBS S.A., and the claims against this entity should be dismissed under Rule 12(b)(2).

### 3. JBS S.A. is not an alter ego of any other entity named as a defendant.

Plaintiff also cannot establish personal jurisdiction over JBS S.A. by claiming it is the alter ego of either JBS Souderton or JBS USA Food. As the declaration submitted by Mr. Tomazoni shows, there is absolutely no indication that JBS S.A. is conducting the "day-to-day operations of [JBS USA Food or JBS Souderton] such that [they] can be said to be a mere department of [JBS S.A.]." *Lutz*, 376 F. Supp. 3d at 471 (internal quotation marks omitted).[1] As just a few illustrations, JBS S.A. does not:

---

[1] The same is of course true as to JBS Holdings, Inc., which "no longer exists and has not existed in the United States since December 23, 2015," Tomazoni Decl. ¶ 15, and as to Pilgrim's Pride Corporation, which is a chicken-processing business wholly distinct from the beef processing business where Mr. Benjamin worked. *See* MTD at 10–12.

- Possess *any* direct ownership stake in either JBS USA Food or JBS Souderton, *see id.* at ¶ 5;

- Act as the marketing arm or exclusive distributor for JBS USA Food or JBS Souderton, *id.* at ¶ 7;

- Use JBS USA Food or JBS Souderton as its own marketing arm or exclusive distributor, *id.* at ¶ 8; or

- Use sales systems that are integrated with those of JBS USA Food or JBS Souderton, *id.* at ¶ 6.

More pertinent to the facts of this particular case, JBS S.A. also had no involvement in the development or implementation of JBS Souderton's COVID-19 preparedness and mitigation plans. Tomazoni Decl. ¶ 9. Nor was it "involved in JBS Souderton Inc.'s operational or disaster response decisions at or for the Souderton facility." *Id.* JBS S.A. likewise "does not employ *anyone* working at the Souderton Facility," *id*. ¶ 12 (emphasis added)—including, in particular, Enock Benjamin, *id.* at ¶ 14.

The short of the matter is this: JBS S.A. does not operate JBS USA Food or JBS Souderton as mere departments. They therefore are not its alter egos, and Plaintiff's assertion of personal jurisdiction over it cannot be supported on that ground. Because JBS S.A. does not control or operate any other entity named in this action, it cannot be the alter ego of any of those businesses. Thus, the Court does not have personal jurisdiction over JBS S.A. Accordingly, this Motion should be granted, and all claims against JBS S.A. should be dismissed under Rule 12(b)(2).

**B.**     **The Court should dismiss Plaintiff's claims against JBS S.A. for failure to state a claim upon which relief can be granted.**

Any remaining claims should be dismissed for failure to state a claim under Rule 12(b)(6) and failure to plead fraud and intentional misrepresentation claims with particularity under Rule 9(b). JBS S.A. joins in its co-defendants' previously-filed motion to dismiss on these points, and incorporates by reference and relies upon those arguments here. *See* Defs.' Mem. of Law in Support of Am. Mot. to Dismiss 14–42 [ECF No. 15] at 14–42, and Reply Mem. in Support of Am. Mot. to Dismiss at 18–28 [ECF No. 25].

## IV.     CONCLUSION

For all the reasons set forth above, as well as in Defendants' Memorandum of Law in Support of Amended Motion to Dismiss [ECF No. 15] and Reply Memorandum in Support of Amended Motion to Dismiss [ECF No. 25], all of Plaintiff's claims against JBS S.A. should be dismissed with prejudice. Defendant also requests all other and further relief to which it is entitled at law or in equity.

Dated: September 16, 2020                                   Respectfully submitted,

                                                                                    s/Molly E. Flynn
                                                                                    Molly E. Flynn (Pa. ID No. 205593)
                                                                                    Mark D. Taticchi (Pa. ID No. 323436)
                                                                                    Rebecca L. Trela (Pa. ID No. 313555)
                                                                                    FAEGRE DRINKER BIDDLE & REATH LLP
                                                                                    One Logan Square, Suite 2000
                                                                                    Philadelphia, PA  19103-6996
                                                                                    Telephone:     (215) 988-2700
                                                                                    Facsimile:       (215) 988-2757

                                                                                    *Attorneys for Defendant JBS S.A.*

## CERTIFICATE OF SERVICE

I, Molly E. Flynn, hereby certify that on September 16, 2020, I electronically filed the foregoing Motion to Dismiss and Memorandum of Law in Support of Motion to Dismiss of Defendant JBS S.A. Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

s/Molly E. Flynn
Molly E. Flynn

*Attorney for Defendant JBS S.A.*