**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FERDINAND BENJAMIN, Individually and as the Personal Representative of the Estate of ENOCK BENJAMIN, Deceased**<br><br>**Plaintiff,**<br><br>v.<br><br>**JBS S.A.,** *et al.*,<br><br>**Defendants.** | **Civil Action No. 2:20-cv-02594-JP** |

**[PROPOSED] ORDER**

     **AND NOW**, this _____ day of _____, 2021, upon consideration of

Defendants' Motion for Leave to File Notice of OSHA Action, and any response thereto, it is

hereby **ORDERED** that Defendants' Motion is **GRANTED**.  The Clerk of Court is directed to

enter on the docket for this matter Defendants' Notice of OSHA Action attached as Exhibit 1 to

Defendants' Motion for Leave.

                                               **BY THE COURT:**

                                          _____

                                          **John R. Padova**
                                          **United States District Judge**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FERDINAND BENJAMIN, Individually and as the Personal Representative of the Estate of ENOCK BENJAMIN, Deceased**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JBS S.A.,** *et al.*,<br><br>**Defendants.** | **Civil Action No. 2:20-cv-02594-JP** |

**DEFENDANTS' MOTION FOR LEAVE TO FILE NOTICE OF OSHA ACTION
IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL,
OPPOSITION TO MOTION TO REMAND, AND MOTIONS TO DISMISS**

Defendants JBS USA Food Company, JBS USA Holdings, Inc., JBS Souderton, Inc., Pilgrim's Pride Corporation, and JBS S.A., pursuant to this Court's Policies and Procedures, respectfully seek leave to file the Notice of OSHA Action, attached hereto as Exhibit 1.  In support of their Motion, Defendants rely on and incorporate herein the attached Memorandum of Law.

Dated: January 14, 2021

Respectfully submitted,

 s/Molly E. Flynn
Molly E. Flynn (Pa. ID No. 205593)
Mark D. Taticchi (Pa. ID No. 323436)
Rebecca L. Trela (Pa. ID No. 313555)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA  19103-6996
Telephone:     (215) 988-2700
Facsimile:     (215) 988-2757

*Attorneys for Defendants JBS USA Food Co.,
JBS USA Holdings, Inc., JBS Souderton, Inc.,
Pilgrim's Pride Corp., and JBS S.A.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FERDINAND BENJAMIN, Individually and as the Personal Representative of the Estate of ENOCK BENJAMIN, Deceased**<br><br>**Plaintiff,**<br><br>v.<br><br>**JBS S.A.,** *et al.*,<br><br>**Defendants.** | **Civil Action No. 2:20-cv-02594-JP** |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR LEAVE TO FILE NOTICE OF OSHA ACTION**
**IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL,**
**OPPOSITION TO MOTION TO REMAND, AND MOTIONS TO DISMISS**

Dated: January 14, 2021

 s/Molly E. Flynn

Molly E. Flynn (Pa. ID No. 205593)
Mark D. Taticchi (Pa. ID No. 323436)
Rebecca L. Trela (Pa. ID No. 313555)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA  19103-6996
Telephone:     (215) 988-2700
Facsimile:     (215) 988-2757

*Attorneys for Defendants JBS USA Food Co.,*
*JBS USA Holdings, Inc., JBS Souderton, Inc.,*
*Pilgrim's Pride Corp., and JBS S.A.*

**ARGUMENT**

Defendants JBS USA Food Company, JBS USA Holdings, Inc.,[1] JBS Souderton, Inc.,

Pilgrim's Pride Corporation, and JBS S.A. (together, "Defendants") respectfully seek leave to

file the attached (three-page) Notice of OSHA Action to advise the Court of a recent federal

agency action that is relevant to issues raised by the parties in Defendants' Motions to Dismiss

and Plaintiff's Motion to Remand, which are fully briefed and pending. *See* Ex. A to Defs.'

Notice of OSHA Action, Jan. 11, 2021 Correspondence from U.S. Dept. of Labor to JBS

Souderton, Inc.

Courts may grant leave to file briefs if it finds that doing so would be helpful in resolving

the matter at issue. *See McNiff v. Asset Mgt. Specialists, Inc.*, 337 F. Supp. 2d 685, 687 n.1 (E.D.

Pa. 2004); *Marchbanks Truck Serv., Inc. v. Comdata Network, Inc.*, Civil Action No. 07-cv-

01078, 2011 WL 11559549, at *18 (E.D. Pa. Mar. 24, 2011) (exercising discretion to consider

plaintiff's first notice of supplemental authority and defendant's response "as supplemental

briefing . . . to the extent they are helpful in disposition of the issues at hand"); *see also* Local R.

Civ. P. 7.1(c).

Defendant JBS USA Food Company filed a Notice of Removal on June 2, 2020 based on

diversity jurisdiction and federal question jurisdiction. ECF No. 1. Plaintiff filed a Motion for

Remand that argued, among other things, that federal question jurisdiction does not exist. ECF

No. 17. Defendants opposed, ECF No. 21, and Plaintiff replied, ECF No. 29.

Defendants JBS USA Food Company, JBS USA Holdings, Inc., JBS Souderton, Inc., and

Pilgrim's Pride Corporation filed an Amended Motion to Dismiss on June 16, 2020, seeking

---

[1] As previously briefed, JBS USA Holdings, Inc. has been defunct for 5 years, and took no action that would relate or give rise to Plaintiff's claims. Defs.' Am. Mot to Dismiss at 10–12, ECF No. 15.

dismissal on a number of grounds, including the primary jurisdiction doctrine.  ECF No. 15.

Plaintiff opposed, ECF No. 20, Defendants replied, ECF No. 25, and Plaintiff sur-replied, ECF

No. 31.  On September 16, 2020, Defendant JBS S.A. filed a Motion to Dismiss, which

substantively mirrored and incorporated by reference Defendants' June 16, 2020 Amended

Motion to Dismiss, including the primary jurisdiction doctrine, and addressed personal

jurisdiction issues unique to JBS S.A.  *See* ECF No. 36 at 1, 10.  Plaintiff opposed, ECF No. 39,

and JBS S.A. filed a reply addressing only personal jurisdiction, ECF No. 42.

Defendants seek leave to file the attached Notice of OSHA Action and proffer for the

Court's consideration correspondence from OSHA concerning its present investigation into

decedent Enock Benjamin's death.  As explained more fully in the proposed Notice, this action is

relevant to the determination of federal question jurisdiction and the doctrine of primary

jurisdiction.

Dated: January 14, 2021                                        Respectfully submitted,

                                                                            s/Molly E. Flynn
                                                                           Molly E. Flynn (Pa. ID No. 205593)
                                                                           Mark D. Taticchi (Pa. ID No. 323436)
                                                                           Rebecca L. Trela (Pa. ID No. 313555)
                                                                           FAEGRE DRINKER BIDDLE & REATH LLP
                                                                           One Logan Square, Suite 2000
                                                                           Philadelphia, PA  19103-6996
                                                                           Telephone:    (215) 988-2700
                                                                           Facsimile:     (215) 988-2757

                                                                           *Attorneys for Defendants JBS USA Food Co.,*
                                                                           *JBS USA Holdings, Inc., JBS Souderton, Inc.,*
                                                                           *Pilgrim's Pride Corp., and JBS S.A.*

**<u>CERTIFICATE OF SERVICE</u>**

I, Molly E. Flynn, hereby certify that on January 14, 2021, I electronically filed the foregoing Defendants' Motion for Leave to File Notice of OSHA Action with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

        s/Molly E. Flynn
        Molly E. Flynn

        *Attorney for Defendants JBS USA Food Co.,*
        *JBS USA Holdings, Inc., JBS Souderton,*
        *Inc., Pilgrim's Pride Corp., and JBS S.A.*

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FERDINAND BENJAMIN, Individually and as the Personal Representative of the Estate of ENOCK BENJAMIN, Deceased** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 2:20-cv-02594-JP** |
| **JBS S.A., *et al.*,** | |
| **Defendants.** | |

**DEFENDANTS' NOTICE OF OSHA ACTION IN SUPPORT OF
DEFENDANTS' NOTICE OF REMOVAL, OPPOSITION TO MOTION TO REMAND,
AND MOTIONS TO DISMISS**

As the Court is aware from the briefing on Defendants' motions to dismiss and Plaintiff's motion to remand, two of the key questions in this case are (1) whether the Court should dismiss this case under the primary jurisdiction doctrine and (2) whether the Court has federal question jurisdiction. The recent developments described below and in the attached correspondence shows both questions should be answered in the affirmative.

The correspondence from the Occupational Safety and Health Administration ("OSHA") attached hereto as Exhibits A and B include requests for additional information regarding Enock Benjamin and his employment at the JBS Souderton plant owned and operated by JBS Souderton, Inc. ("JBS Souderton"). *See* Exs. A and B. As explained in prior briefing, OSHA previously opened Activity No. 1717558 regarding Enock Benjamin and JBS Souderton. On January 11, 2020, OSHA conducted a telephone call with personnel at JBS Souderton, Inc. regarding that matter, and OSHA followed up that same day by sending correspondence seeking additional information. *See id.*

The first letter contains a list of 32 categories of documents and questions that OSHA is requiring JBS Souderton to produce and answer so that OSHA can further investigate regarding the same facts and circumstances giving rise to this litigation.  *See* Ex. A (requiring that JBS Souderton produce documents and provide information so that OSHA employees can "complete our investigation").  Among other things, OSHA asks for JBS Souderton's "[i]ncident reports and findings of any additional investigations conducted regarding this incident," whether other employees "were suspected or confirmed to have COVID-19," whether Enock Benjamin was "required to work with, or around, suspect or confirmed COVID-19" employees or visitors to the plant, what "guidance" JBS Souderton "utilize[d] to protect employees against potential COVID-19 exposure," what engineering and administrative controls JBS Souderton put in place regarding COVID-19 exposure, "the sanitation schedule and description for the facility as it relates to COVID-19," and similar information related to Enock Benjamin and JBS Souderton's handling of COVID-19.  *Id.*  And again, this information is sought so that OSHA can complete its ongoing investigation regarding the matter.  *Id.* at 1.

The second letter requires JBS Souderton to provide information related to its own investigation related to Enock Benjamin and COVID-19.  *See* Ex. B.  The letter attaches a "Non-Mandatory Investigative Tool" JBS Souderton can use or consider as part of an investigation. *See id.*

Exhibits A and B show that OSHA is substantially invested in investigating this matter, which weighs in favor of dismissing this case and transferring it to OSHA under the primary jurisdiction doctrine.  In addition, the letters from OSHA show that the matter involves significant federal issues, including identifying the precise guidance that was in place at particular points in time and what degree of compliance with that guidance was possible and

reasonable in light of all the facts and circumstances existing in the days and weeks leading up to Mr. Benjamin's death.  *See, e.g.*, Ex. A at 2 (asking about the guidance JBS Souderton used "to protect employees against potential COVID-19 exposure," the engineering and administrative controls "in place regarding COVID-19 exposure," and the personal protective equipment provided to and used by Enock Benjamin).  Indeed, the fact that a federal agency is conducting such a thorough investigation underscores Defendants' longstanding argument that the case "implicate[s] significant federal issues" and that the Court has federal question jurisdiction.  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

Because these developments show that OSHA is continuing to pursue its investigation into Enock Benjamin's death and that the matter implicates significant issues of federal law, Defendants ask the Court to consider these developments, grant Defendants' motions to dismiss, and deny Plaintiff's motion for remand.

Dated: January 14, 2021                                 s/Molly E. Flynn

Molly E. Flynn (Pa. ID No. 205593)
Mark D. Taticchi (Pa. ID No. 323436)
Rebecca L. Trela (Pa. ID No. 313555)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA  19103-6996
Telephone:     (215) 988-2700
Facsimile:     (215) 988-2757

*Attorneys for Defendants JBS USA Food Co.,*
*JBS USA Holdings, Inc., JBS Souderton, Inc.,*
*Pilgrim's Pride Corp., and JBS S.A.*

# EXHIBIT A

**U.S. Department of Labor**

Occupational Safety and Health Administration
Allentown Area Office
3477 Corporate Parkway, Suite 120
Center Valley, PA 18034
Phone: (267) 429-7542
Fax: (267) 429-7567



January 11, 2021

**JBS Souderton, Inc.**
**249 Allentown Rd.**
**Souderton, PA  18964**

**RE: OSHA Activity (RRI) No. 1717558**

Dear Employer:

In addition to the information already requested as part of the OSHA investigation Activity 1717558 held at JBS Souderton, Inc., beginning on April 2020 the Occupational Safety and Health Administration requires copies of the following information and documents to complete our investigation:

1. Incident reports and findings of any additional investigations conducted regarding this incident.
2. Please provide the victims next of kin information including name, address, telephone number, and relationship.
3. How long has the victim been employed at your facility?
4. Provide the victims job title.
5. What area of the facility does the victim work in?
6. A copy of the victims work schedule for the previous three weeks.
7. Describe the normal job duties of the victim.
8. How long has the victim been performing these job duties?
9. Who is the victim's direct supervisor, including title?
10. Contact information for the victim's supervisor.
11. A list of the victim's coworkers who worked in the same area and/ or who performed the same work, along with contact information.
12. Has your facility had any employees who were suspected or confirmed to have COVID-19 in the last month?
13. Was the victim required to work with, or around, suspect or confirmed COVID-19 employees? If so, when.
14. Has your facility had any visitors, clients or customers who were suspected or confirmed to have COVID-19 in the last month?
15. Was the victim required to work with, or around, suspect or confirmed COVID-19 visitors, clients or customers?  If so, when.
16. Did the facility perform a risk assessment regarding COVID-19 exposure of its employees?  If so attach or describe.
17. Was this risk assessment shared with the employees?  If so any records?
18. Was the risk assessment implemented? Describe how.

22. What guidance did the facility utilize to protect employees against potential COVID-19 exposure?
23. Where there any engineering controls in place regarding COVID-19 exposure? Please describe.
24. Where there any administrative controls in place regarding COVID-19 exposure? Please describe.
25. What PPE was the victim provided for use while performing their duties?
26. What PPE did the victim actually use while performing their duties?
27. Provide a copy of any written work rules, policies and procedures related to the victim's activities.  If no written policies, then describe verbal policies, if any.
28. Please provide all training records for the victim regarding PPE use and maintenance.
29. Please provide all additional training records for the victim.
30. Provide the sanitation schedule and description for the facility as it relates to COVID-19.
31. Provide a copy of Safety Data Sheets (SDS's) for any cleaning/ sanitizing chemicals utilized.
32. Has there been any change in workplace procedures, controls, PPE selection/ use/ maintenance or training since the incident?  If so, what are they?


We request that you provide these documents electronically to our office by end of business day January 18, 2021.  Please contact myself or Email our office at OSHAAllentown@dol.gov if you have any questions.


Sincerely,



Jean G. Kulp
Area Director

# EXHIBIT B

**U.S. Department of Labor**

Occupational Safety and Health Administration
Allentown Area Office
3477 Corporate Parkway, Suite 120
Center Valley, PA 18034



January 11, 2021

Mr. Joe Schmids
JBS Souderton, Inc.
249 Allentown Road
Souderton, PA 18964

RE: OSHA Activity No. 1717558

Dear Mr. Schmids,

This letter is to follow up the conversation we had on January 11, 2021 in reference to the employee injury that occurred on 4/2020 at your worksite. As we discussed, there are some important steps you should be taking to ensure the safety of your workers and avoid the need for an OSHA inspection.

In most cases, a serious injury indicates the presence of workplace hazards that threaten the health and safety of other workers. OSHA is very concerned that additional employees at your worksite are at risk of being injured. As we discussed, it is in everyone's interest that you conduct a thorough investigation to determine the reasons for the work related incident, to identify hazards related to the incident and to implement corrective actions.

**Please complete each of the following by January 18, 2021:**

- Conduct an incident investigation. (See Non-Mandatory Investigative Tool – Attachment A)
- Provide OSHA with written, signed documentation of findings from the investigation.
- Provide OSHA with written, signed abatement certification documenting action taken to correct hazards related to the incident.
- Document findings and send corrective actions to (267) 429-7567 or OSHAAllentown@dol.gov.
- Post a copy of this letter in a conspicuous place where all affected employees will have notice or near the location where the incident occurred.
- Fax or email a copy of the signed Certificate of Posting (Attachment B) to (267) 429-7567 or OSHAAllentown@dol.gov.

If you have a problem meeting this deadline or have any further questions, please call me.

**If we do not receive the investigation results, abatement verification and certificate of posting by January 18, 2021 your worksite may be considered for an on-site inspection.**

The goal of your incident investigation will be to identify both the immediate and the underlying causes of the incident. To assist you in conducting an investigation, I have attached a guide for your use, to ensure your employees are protected from future injuries. Additional resources are available at OSHA's Safety and Health Topics website at https://www.osha.gov/dcsp/products/topics/incidentinvestigation/index.html to assist you with conducting an Incident Investigation.

After correcting any immediate hazards, small and medium-sized businesses may be interested in requesting free, confidential assistance from the On-Site Consultation Program. Consultants from a state agency or university will work with you to identify workplace hazards, provide advice on

compliance with OSHA standards, and assist you in establishing a safety and health management program.  These services are separate from enforcement and do not result in penalties or citations.  To find out more information about OSHA's On-Site Consultation Program, please visit the programs website at https://www.osha.gov/dcsp/smallbusiness/consult.html or call 1-800-382-1241 to reach your local On-Site Consultation office.  Also, please find a copy of the OSHA pamphlet, "FREE Safety and Health Consultation Services" for your use in English or Spanish.

Please note that it is against the law for employers to retaliate or discriminate in any way against an employee for raising safety and health issues or for exercising their rights under the OSHA law.  This includes the right to report a work-related injury or illness to their employer, or to contact OSHA.  More information about the Whistleblower Protection Program can be found at http://www.whistleblowers.gov/.


If you have any questions, please call me at (267) 429-7542 or email me at OSHAAllentown@dol.gov. Your support and interest in the safety and health of your employees is appreciated.


Sincerely,



Jean G. Kulp
Area Director

"Attachment A"

## NON-MANDATORY INVESTIGATIVE TOOL

### A.  ESTABLISHMENT INFORMATION

**1)** Name of Investigator:_____

**2)** Job Title:_____

**3)** Name of Company _____

**4)** Address: _____

**5)** Contact Phone:  _____

**6)** Fax_____

**7)** E-Mail _____

**8)** NAICS _____

**9)** How many Employees at:  a) Work site_____   b) All Locations_____

**10)** Union : Yes_____   No_____

**11)** Union Name and Contact Info: _____

### B.  INJURED EMPLOYEE INFORMATION

**1)** Injured Employee Name: _____

**2)** Age: _____

**3)** Gender   Male____   Female____

(For additional employees, use continuation section at end of form.)

**4)** Employee Typical Job Title: _____

**5)** Job at Time of Incident: _____

**6)** Type of Employment (check all that apply):  ☐Full Time   ☐Part Time   ☐Seasonal

☐Temporary   ☐Other:

**7)** Length of Employment with the Company: _____

**8)** Amount of time in current position at time of incident: _____

**9)** Nature of Injury: _____

**10)** Part of Body: _____

### C.  INCIDENT INVESTIGATION

**1)** Date and time of the incident: _____

**2)** Location of incident:  _____

**3)** What was the employee doing just before the incident occurred? *Instructions:  Describe the activity; including the tools, equipment, or material the employee was using.  Be specific.  Example:  "climbing a ladder while carrying roofing materials" and "changing gasket on a chlorine line".*

**4)** What Happened? *Instructions:  Provide a detailed description of the incident and how the injury occurred.  Provide details such as measurements, sequence of events, equipment RPMs, trench dimensions, the type of vehicle(s) involved, discuss use of hazard controls such as guards or PPE.  Examples:  "bucket of chemical X spilled on the floor", "ladder slipped on wet floor", "worker fell 20ft.", "employee was sprayed with chlorine when gasket broke during replacement" and "employee was not wearing PPE".*

**5)** What was the injury or illness? *Instructions:  Describe the part of the body that was affected and how it was affected.  Be more specific than "hurt", "painful" or "sore".  Examples:  "fractured vertebrae" and "chemical burn to the hand".*

**6)** What object or substance directly harmed the employee? *Instructions:  Provide the type, brand, size, distinguishing features, condition, or specific part that harmed the employee.  Example: "band saw blade".*

## D.  WHAT CAUSED OR ALLOWED THIS INCIDENT TO HAPPEN?

*Instructions:  What were the underlying reasons the incident occurred – and are the factors that need to be addressed to prevent future incidents? If safety procedures were not being followed, why were they not being followed? If a machine was faulty or a safety device failed, why did it fail?  It is common to find factors that contributed to the incident in several of these areas:  equipment/machinery, tools, procedures and policies, training or lack of training, work environment. If you identify these factors, try to determine why these factors were not addressed before the incident.*

## E.  CORRECTIVE ACTIONS TAKEN TO PREVENT FUTURE INCIDENTS

**1)** Hazardous condition(s) identified and corrective action taken by employer.  *Instructions:  Describe the immediate measures taken, interim and/or long-term actions necessary to correct hazardous condition(s).  Also, use this section to track the completion of multi-step corrective actions as well as final corrective actions used to abate the hazardous condition.*

**2)** Additional notes and comments *Instructions:  Provide additional comments, including statements from eye-witnesses and injured employee(s).*

```


```

**3)** Date Hazardous Condition was Abated:  _____

---

**F.   Employer Name:** _____

**Employer Signature:** _____   **Date:** _____

☐ **This Constitutes my Electronic Signature**      **Date:** _____
(If this box is checked, this submission shall be considered as an authorized written signature.)

---

## ***NOTE:***

This investigation tool is provided to assist employers in finding the cause of incidents and to prevent similar incidents in the future.  It contains criteria that may be used to evaluate the capabilities of current safety practice(s).  The employer is encouraged to use this document or other equivalent form, as a means for abatement verification and submit their corrective actions in Section E and sign Section F.  This is a **non-mandatory** tool.

Additional  resources are available at:

OSHA's website, "www.osha.gov".

OSHA's Safety and Health Topics Page, "Incident Investigation".

OSHA Guidance Document, "Incident [Accident] Investigations:  A Guide for Employers".

National Safety Council, "How to Conduct an Incident Investigation".

OSHA's On-site Consultation Program (Free Service):
https://www.osha.gov/dcsp/smallbusiness/consult_directory_text.html

"Attachment B"

# CERTIFICATION

## OF POSTING OSHA NOTIFICATION

## OF EMPLOYER REPORTED INCIDENT

Activity No.:           1717558

**Date of Posting:**        _____

**Date Copy Given to**
**an Employee Representative:** _____

On behalf of the employer, I certify that a copy of the letter received from the Occupational Safety and Health Administration (OSHA) concerning the workplace injury that occurred on 4/2020  has been posted in a conspicuous place where all affected employees will have notice or near such location where the incident occurred, and a copy of the letter has been given to each authorized representative of affected employees, if any.  The letter was or will be posted for a minimum of ten (10) working days or until any hazardous condition(s) are corrected.

_____

Signature

_____

Title

_____

Employer/Establishment name